17652

Olivia P. MITCHELL, Plaintiff-Appellant, v. Janie Sue SMYSER, Eloise Perkins Hall, Pinkey Perkins Brooks, James Perkins, Janie Perkins, Fountaine Bradley, Berthine Ross, Maggie Ragsdale, Walter Perkins, Richard Roe *et al., Defendants-Respondents.*

(114 S. E. (2d) 226)

*William W. Bennett, Esq.,* of Florence, *for Appellant,*

*Messrs. Willcox, Hardee, Houck & Palmer* and *W. Laurier O'Farrell,* of Florence, *for Respondents,*

May 5, 1960.

TAYLOR, Justice.

This appeal arises out of an action brought for partition of certain real estate located in the City and County of Florence.

In her complaint, plaintiff alleges that she has an interest in such property by way of descent from her father, Wellington Perkins, who died intestate, that certain defendants had an interest in the property and prayed for an Order establishing their respective rights and for sale of the premises. One of the defendants, Janie Sue Smyser, filed answer alleging title through James and Walter Perkins, admittedly sons of Wellington Perkins, and that they were the sole heirs-at-law of Wellington Perkins.

Plaintiff sought to establish her interest by showing a common law marriage between her father and Martha Perkins, the birth of three children to the union, the death of her mother and father, and the survival of herself and a sister as heirs-at-law. The defendant sought to establish her interest by showing the common law marriage of Wellington Perkins to Isabella Perkins, the birth to them of James and Walter Perkins, and the death of Wellington Perkins, survived by his widow and the two sons.

The crucial question for determination was who was the lawful wife of Wellington Perkins, and the Circuit Judge found her to be Isabella. Plaintiff in this appeal challenges the correctness of this finding. The question being one at law, we are not at liberty to pass on conflicting evidence except that we may review the Circuit Decree for the purpose of determining whether or not there is any evidence reasonably warranting the factual conclusions

reached by the Circuit Judge. *Campbell v. Christian,* 235 S. C. 102, 110 S. E. (2d) 1; *Johnson v. Johnson,* S. C., 112 S. E. (2d) 647.

Plaintiff claimed that some time between December 22, 1890, and June 8, 1911, Wellington Perkins married Martha Gary Perkins and introduced as exhibits a mortgage recorded in the Office of the Clerk of Court of Florence County, dated December 22, 1890, given by Wellington Perkins but having no renunciation of dower thereon, and a deed recorded in the Office of the Clerk of Court, dated June 8, 1911, signed by Wellington Perkins with the renunciation of dower thereon by Martha Perkins as his wife.

James Perkins, an undisputed son of Wellington Perkins, testified that upon the death of his father he made application for letters of administration upon his father's estate and the records of the Probate Court, which were introduced into evidence, set forth that the wife of Wellington Perkins, although still living, was not a proper person to be appointed as she and her husband had been long separated. He further testified that his mother was named Isabella and that she remarried one named McGill. A deed was introduced into the record from Pinkey Isabella McGill to James Perkins and his brother Walter Perkins. James further testified that these two sons were the only children of Wellington and Isabella Perkins.

Appellant does not allege that James and Walter Perkins were illegitimate children but, on the contrary, alleges that James and Walter along with the other named children were heirs-at-law and as such inherited an interest in the property in question. Their legitimacy, therefore, is unquestioned, and since Wellington's first wife, Isabella, survived him, Martha could not have been his lawful wife and children by her lawful heirs. The Master and Circuit Judge concluded that plaintiff's claim of title through Martha must fail, taking judicial notice of the fact that divorces were not permitted in South Carolina at that time.

There is ample evidence to support the findings of the Master, to whom this case was referred by consent, and the Circuit Judge that James Perkins and Walter Perkins, Janie Sue Smyser's predecessors in title, were the sole heirs-at-law of Wellington Perkins.

We are, therefore, of opinion that the Order appealed from should be affirmed and It Is So Ordered.

Affirmed.

STUKES, C. J., and OXNER, LEGGE and MOSS, JJ., concur.